IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT PHILIP CLARK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 05-491 |
| | ) | |
| NANCY VERNON, individually and in her | ) | |
| capacity Fayette County District Attorney, | ) | |
| ROBERT EUGENE GRIMM, individually | ) | Judge Ambrose |
| and in his official capacity Fayette County | ) | Magistrate Judge Mitchell |
| Assistant District Attorney, STEPHANIE | ) | |
| YOCABET, Commonwealth witness, | ) | |
| RICHARD WORLEY, individually, | ) | |
| Commonwealth witness, JASON COX, | ) | |
| individually and in his capacity Uniontown | ) | |
| City Police Officer, Uniontown City Police | ) | |
| Department, DAVID BASILE, individually | ) | |
| and in his capacity Uniontown City Police | ) | |
| Officer, Uniontown City Police | ) | |
| Department, NICHOLAS TIMPERIO, JR., | ) | |
| individually, attorney, JEFFREY | ) | |
| WHITEKO, individually and in his capacity | ) | |
| Fayette County Public Defender, DIANNE | ) | |
| H. ZEREGA, individually and in her | ) | |
| capacity Fayette County court appointed | ) | |
| attorney, JACK FLOWERS, individually | ) | |
| and in his capacity Fayette County Public | ) | |
| Defender Investigator, and DAVID | ) | |
| LAWRENCE, individually, medical doctor, | ) | |
| Uniontown Hospital, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion to dismiss submitted on behalf of

defendants Nancy Vernon, Robert Eugene Grimm, Jeffrey Whiteko and Jack Flowers (Docket

No. 27) be granted.  It is further recommended that the motion to dismiss submitted on behalf of

defendant Dianne H. Zerega (Docket No. 45) be granted.  It is further recommended that the motion to dismiss submitted on behalf of defendant Nicholas Timperio, Jr. (Docket No. 55) be granted.  It is further recommended that the complaint be dismissed with respect to defendants Stephanie Yocabet and Richard Worley.

II.    Report

Plaintiff, Brett Philip Clark, brings this civil rights action arising out of his arrest, on August 31, 2000, on charges of driving under the influence (DUI) and reckless endangerment, the prosecution of charges against him and the defense thereto.  After he was convicted, he filed a post-conviction collateral relief (PCRA) petition and was granted a new trial.  The charges were eventually nolle prossed after the Court of Common Pleas granted his omnibus pretrial motion and suppressed the medical records that had been obtained without court order or search warrant. He names as Defendants the police officers who arrested him (Jason Cox, David Basile), the District Attorney (Nancy Vernon) and Assistant District Attorney (Robert Eugene Grimm) who prosecuted him, the attorney who represented him at his criminal trial (Nicholas Timperio, Jr.), the Fayette County Public Defender (Jeffrey Whiteko) and Public Defender Investigator (Jack Flowers) who were also involved in his defense, his counsel in the PCRA petition (Diane H. Zerega), the physician who treated him following his arrest (David Lawrence, M.D.) and the two alleged victims of his crimes, who he alleges lied in their testimony at his criminal trial (Stephanie Yocabet, Richard Worley).

He alleges that Defendants violated his civil rights under the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and he brings this action pursuant to 42 U.S.C. § 1983.

2

Presently before this Court for disposition are three motions to dismiss: 1) one brought by Defendants Vernon, Grimm, Whiteko and Flowers (the "Fayette County Defendants"); 2) one brought by Defendant Zerega; and 3) one brought by Defendant Timperio.[1]  For the reasons that follow, these motions should be granted.  In addition, the complaint should be dismissed as to Defendants Stephanie Yocabet and Richard Worley because Plaintiff has failed to serve them and, as witnesses against him at his criminal trial, they would be entitled to absolute immunity in any event.

Facts

On the night of August 31, 2000, Clark was arrested by Officers Cox and Basile at a gas station.  (Compl. ¶ 4.)  The incident began when Stephanie Yocabet and Richard Worley alleged that Clark had struck their vehicle with his while he was intoxicated.  (Compl. ¶ 10 & Ex. H at 19-20.)  Officers Cox and Basile arrived at the scene and saw Clark holding an object, which he says was a fanbelt.  They ordered him to drop the object and he complied.  Nevertheless, Officer Cox hit him over the head with a nightstick or flashlight and he fell to the ground, unconscious.  He was taken to the emergency room and treated for scalp abrasions and acute alcohol intoxication by Dr. David Lawrence (among others).  (Compl. Ex. Q.)

Clark was arraigned on charges of DUI and reckless endangerment and held at the Fayette County Prison for eighteen days.  He was released on unsecured bond on September 18, 2000.  No preliminary hearing was held and the case was waived to court.  (Compl. ¶ 4.)

During the month of December 2001, he was incarcerated at the Fayette County Prison

---

[1]Answers to the complaint have been filed by David Lawrence (Docket Nos. 29, 30, 34) and by Jason Cox and David Basile (Docket No. 31).

awaiting trial on an unrelated case.  He alleges that he deposited numerous request slips to speak

with an attorney from the Public Defender's Office, but no one came.  On December 20 or 21,

2001, Jack Flowers, an investigator with the Public Defender's Office, visited him and took some

brief information about his case.  Flowers had him sign a form for representation.  During that

same time period, he alleges that his private counsel, Nicholas Timperio, abandoned him.[2]

(Compl. ¶ 5.)

On January 9, 2002, he was taken to court, where he explained to Judge Wagner that he

wished to be represented by the Public Defender.  Also present were Attorney Timperio and

Public Defender Jeffrey Whiteko, who requested a continuance to do a case analysis.  Judge

Wagner sent them all to Judge Solomon, who denied the requests for continuance and for

representation by the Public Defender and ordered Clark to proceed to trial with Timperio as his

stand-by counsel.  (Compl. ¶ 6.)

Trial then began, with Clark representing himself and Timperio acting as stand-by

counsel.  On January 10, 2002, he was found guilty on all charges.  On January 25, 2002, he was

sentenced to 3-24 months on the DUI conviction and 9-24 months on the reckless endangerment

conviction, the sentences to be served consecutively.  (Compl. ¶ 6 & Ex. B.)  On September 24,

2002, the Superior Court affirmed these convictions.  (Compl. ¶ 7; Docket Sheet at 15.)[3]

On November 13, 2003, Judge Wagner appointed Dianne Zerega to represent Clark and

---

[2]Attached to the complaint are various motions that Clark attempted to file pro se, which were rejected by the court because he had counsel of record (Timperio).  Also attached to the complaint is the order of court, dated November 16, 2001, withdrawing Timperio's appearance. (Compl. Exs. J, L-M.)

[3]The Docket Sheet for Clark's criminal case is attached to his Response in Opposition to Timperio's Motion to Dismiss (Docket No. 58).

4

directed her to file an amended PCRA petition, which she did on December 31, 2003.  (Compl.

¶ 7 & Ex. C.)  On August 9, 2004, Judge Wagner granted the petition and ordered that a new trial

be held.  (Compl. ¶ 7 & Ex. D.)

On September 24, 2004, Clark hired Herbert Terrell to represent him at the second trial.

On November 13, 2004, Terrell filed an omnibus pretrial motion.  (Compl. ¶ 9 & Ex. F.)  On

February 23, 2005, Judge Warman granted the motion and suppressed all of the medical records

from Uniontown Hospital, which had been obtained by the Commonwealth without a court order

or search warrant.  (Compl. ¶ 9 & Ex. G.)

On April 4, 2005, the District Attorney filed a motion to enter a nolle prosequi with

respect to the charges, and Judge Wagner granted it.  (Compl. ¶ 9 & Ex. Z.)

On January 2, 2002, while he was still in prison awaiting trial, Clark filed a civil action in

this Court against Officers Cox and Basile, at Civil Action No. 02-58.  (Compl. ¶ 8.)  On October

16, 2002, the defendants filed a motion for judgment on the pleadings.  (Civ. A. No. 02-58

Docket No. 25.)  On January 7, 2003, a report and recommendation was filed, recommending

that the motion be granted in all respects except as to his claim of the use of excessive force.  (Id.

Docket No. 34.)  On February 10, 2002, the report and recommendation was adopted by the

Court.  (Id. Docket No. 37.)  On April 17, 2003, the defendants filed a motion for summary

judgment.  (Id. Docket No. 44.)  On May 22, 2003, a report and recommendation was filed,

recommending that this motion be granted.  (Id. Docket No. 66.)  On June 20, 2003, the report

and recommendation was adopted by the Court.  (Id. Docket No. 74.)

Clark appealed and on April 22, 2004, the Court of Appeals for the Third Circuit filed an

opinion in which it affirmed this Court's judgment in part and vacated and remanded in part.

5

Specifically, the Court of Appeals held that Clark had set forth sufficient evidence to survive summary judgment with respect to his excessive force claim because, viewing all disputed facts in his favor, he alleged that Cox and Basile struck him in the head with an object and knocked him unconscious even though he had dropped the object he was holding in his hand in compliance with their order.  The court further found that he alleged that this conduct by the defendants violated a clearly established right and therefore they were not entitled to the defense of qualified immunity. (Compl. Ex. E.)[4]

Procedural History

Plaintiff filed this action on April 14, 2005.  He alleges that Officers Cox and Basile failed to get him additional medical attention, that they searched his vehicle without probable cause and without a search warrant and that they acted in concert with the other defendants to obtain his conviction.  He alleges that Yocabet and Worley presented false testimony about him hitting Yocabet's car and about Yocabet and her children being treated at Uniontown Hospital for injuries he inflicted.  He alleges that Vernon and Grimm maliciously prosecuted him and that they instructed Yocabet and Worley to give false testimony against him.  He alleges that Timperio provided ineffective assistance of counsel by abandoning him, failing to visit him in jail and failing to contact witnesses or subpoena certain evidence that Clark wanted.  He alleges that Whiteko failed to present arguments in his Superior Court appeal that he was forced to

_____

[4]Upon remand, settlement negotiations ensued.  On July 22, 2004, the parties settled the matter and entered into a stipulation of dismissal.  Defendants Cox and Basile have filed an answer in which they assert that Clark signed a release in connection with the settlement and dismissal of Civ. A. No. 02-58.  (Docket No. 31.)  Although the answer preserves this affirmative defense, it does not place it before the Court for active disposition.

represent himself at trial and that no colloquy was done by the court, which resulted in his appeal being denied.  He alleges that Flowers, who had been a Fairchance Borough police officer, did not pass along the information to the Public Defender that Clark wanted representation because Officer Cox was also a part-time Fairchance Borough police officer and Flowers and Cox conspired to prevent Clark from being represented by counsel.  He alleges that Zerega failed to comply with Judge Wagner's order in that she did not request certain Uniontown Hospital medical records regarding Yocabet and her two children allegedly being treated after Clark allegedly hit her car with his.  He alleges that Dr. Lawrence falsely put in the medical report that Clark had engaged in a wrestling match with police officers and others at the scene and that his blood alcohol level was .428 (Compl. Ex. Q) and that he conspired with the police to fabricate evidence to obtain Clark's conviction and divert attention from the officers who had applied excessive force.

On August 5, 2005, the Fayette County Defendants filed a motion to dismiss.  On September 29, 2005, Defendant Zerega filed a motion to dismiss.  On October 20, 2005, Defendant Timperio filed a motion to dismiss.

<u>Standard of Review</u>

A motion to dismiss must be viewed in the light most favorable to plaintiff and all well-pleaded allegations of the complaint must be accepted as true.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  See also <u>National Org. for Women, Inc. v. Scheidler</u>, 510 U.S. 249 (1994).  The issue is not whether the

7

plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Williams, 490 U.S. at 323; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record....  [In addition,] a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.

Pension Benefit Guaranty Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

Defendant Timperio argues that: 1) he is not a state actor; 2) Plaintiff's allegations amount to no more than negligence, which is insufficient to support a § 1983 claim; and 3) all of the conduct alleged occurred prior to January 2002 and therefore the statute of limitations expired before this action was brought.

Defendant Zerega argues that: 1) she is not a state actor; and 2) Plaintiff has not pled and cannot plead that she deprived him of any constitutional right when she fulfilled her duty to file an amended PCRA petition and he was, in fact, granted a new trial as a result and his allegation that she failed to subpoena certain medical records on his behalf amounts to no more than negligence, which is insufficient to support a § 1983 claim.

The Fayette County Defendants argue that: 1) Vernon and Grimm are absolutely immune from claims brought against them for actions taken in their roles as prosecutors; 2) in the alternative, Vernon and Grimm are entitled to qualified immunity because the documents upon which they were acting were valid at the time of the criminal prosecution; 3) Plaintiff cannot maintain a state law claim for malicious prosecution under § 1983 without evidence of actual malice or evidence that the prosecution was legitimately initiated but thereafter used for a

8

purpose other than intended by law; 4) the allegations of the complaint do not support a claim for either a due process or equal protection violation; 5) he cannot maintain what is in essence a claim of ineffective assistance of counsel against Defendant Whiteko; 6) Whiteko is entitled to absolute immunity for his actions taken in his official role as a public defender; 7) Flowers is entitled to absolute immunity for his actions taken in his official role as a public defender investigator, in the alternative, he is not a state actor for purposes of § 1983; 8) punitive damages are not available against these four defendants for acts taken in their official capacities and the allegations regarding their actions do not state a claim for punitive damages against them in their individual capacities; and 9) Clark cannot hold the district attorneys liable for the alleged actions of the police officers of arresting him with excessive force

It is provided in 42 U.S.C. § 1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

"To state a claim under § 1983, a plaintiff must show that the defendant, through conduct sanctioned under the color of state law, deprived [him] of a federal constitutional or statutory right." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000) (citations omitted).

Absolute Prosecutorial Immunity

The Supreme Court has held that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is entitled to absolute immunity to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). As the Court explained more

recently:

> Liberally construed, Imbler's complaint included not only a charge that the prosecution had been wrongfully commenced, but also a charge that false testimony had been offered as well as a charge that exculpatory evidence had been suppressed.  His constitutional claims were thus broader than any specific common-law antecedent.  Nevertheless, relying on common-law decisions providing prosecutors with absolute immunity from tort actions based on claims that the decision to prosecute was malicious and unsupported by probable cause, as well as from actions for defamation based on statements made during trial, we concluded that the statute should be construed to provide an analogous defense against the claims asserted by Imbler.  The policy considerations that justified the common-law decisions affording absolute immunity to prosecutors when performing traditional functions applied equally to statutory claims based on the conduct of the same functions.

Kalina v. Fletcher, 522 U.S. 118, 124-25 (1997) (footnotes omitted).

Plaintiff's allegations against District Attorney Vernon and Assistant District Attorney Grimm are no different from those alleged in Imbler.  Thus, both of these individuals are entitled to absolute immunity from this § 1983 suit.

Plaintiff argues that he is suing these Defendants in their individual capacities.  Absolute immunity for prosecutors is a defense to an individual capacity suit.  Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

Public Defenders Are Not State Actors

The Supreme Court has held that public defenders do not act "under color of" state law for purposes of § 1983 when performing a lawyer's traditional function as counsel to an indigent defendant in a state criminal proceeding.  Polk County v. Dodson, 454 U.S. 312 (1981).  However, when the public defender conspires with a state actor to deprive a plaintiff of his constitutional rights, this defense is not applicable.  Dennis v. Sparks, 449 U.S. 24 (1980).  See Tower v. Glover, 467 U.S. 914 (1984).  These same principals apply to court-appointed attorneys

10

and privately retained counsel.  See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997); Mills

v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988); Russell v. Millsap, 781 F.2d

381, 383 (5th Cir. 1985).

Clark alleges that Public Defender Whiteko failed to present arguments in his Superior

Court appeal that he was forced to represent himself at trial and that no colloquy was done by the

court, which resulted in his appeal being denied.  Thus, he alleges that Whiteko provided

ineffective assistance of counsel while performing his traditional duties as a public defender.  As

such, Whiteko was not acting "under color of" state law and Clark cannot maintain a § 1983

claim against him.

Clark alleges that Timperio, his privately-retained attorney, provided ineffective

assistance of counsel by abandoning him, failing to visit him in jail and failing to contact

witnesses or subpoena certain evidence that Clark wanted, resulting in his conviction.  Thus, he

alleges that Timperio provided ineffective assistance of counsel while performing his traditional

duties as a lawyer.  As such, Timperio was not acting "under color of" state law and Clark cannot

maintain a § 1983 claim against him.

Clark alleges that Zerega, who filed an amended PCRA petition on his behalf, failed to

comply with Judge Wagner's order in that she did not request certain Uniontown Hospital

medical records regarding Yocabet and her two children allegedly being treated after Clark

allegedly hit her car with his.  Thus, he alleges that Zerega provided ineffective assistance of

counsel while performing her traditional duties as court-appointed counsel.  As such, Zerega was

not acting "under color of" state law and Clark cannot maintain a § 1983 claim against her.

Clark alleges that Flowers, the Public Defender investigator, had been a Fairchance

Borough police officer and did not pass along the information to the Public Defender that Clark

wanted representation because Officer Cox was also a part-time Fairchance Borough police

officer and Flowers and Cox conspired to prevent Clark from being represented by counsel.

Thus, he appears to be asserting that Flowers acted in concert with Cox to deny him his Sixth

Amendment right to counsel.  However, neither Flowers nor Cox had the ability to provide or

deny Clark counsel.  Moreover, the public defender (Whiteko), who is not alleged to have been

part of this conspiracy, did in fact represent appear on date of the trial and did represent Clark on

his appeal (albeit ineffectively, according to Clark).

Thus, although Clark alleges a conspiracy with a state actor to deprive him of his rights,

the actors he names did not have the capacity to deny him his right to counsel, as he alleges.

Moreover, even if Flowers could be considered a state actor for purposes of this suit, he is

entitled to absolute immunity.

Absolute Immunity for Public Defenders and Investigators

The Court of Appeals for the Third Circuit has long held that "public defenders and court

appointed counsel acting within the scope of their professional duties are absolutely immune

from civil liability under § 1983."  Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982).  The court

has also held that "an investigator employed by a public defender is absolutely immune for his

investigative assistance in the course of a criminal defense."  Davis v. Grusemeyer, 996 F.2d 617,

631 (3d Cir. 1993) (citing Waits v. McGowan, 516 F.2d 203, 207 (3d Cir. 1975) (footnote

omitted).  Thus, Flowers is entitled to absolute immunity.

Defendants Yocabet and Worley

Plaintiff has failed to serve Defendants Yocabet and Worley.  Thus, the complaint should

be dismissed as to them for failure to serve these defendants within 120 days of filing the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff has not argued, much less demonstrated, that he has good cause for failure to effect service in a timely manner and the Court should exercise its discretion and dismiss the action as to them based upon his failure to make timely service.  See McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir.1998).

Moreover, even if they were properly served and in the case, they would have to be dismissed in any event.  Clark alleges that they lied in their testimony as witnesses at his criminal trial.  Therefore, they would be absolutely immune from Clark's claims against them. "Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony."  Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001) (citing Briscoe v. LaHue, 460 U.S. 325, 341, 345-46 (1983)).

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendants Nancy Vernon, Robert Eugene Grimm, Jeffrey Whiteko and Jack Flowers (Docket No. 27) be granted.  It is further recommended that the motion to dismiss submitted on behalf of defendant Dianne H. Zerega (Docket No. 45) be granted.  It is further recommended that the motion to dismiss submitted on behalf of defendant Nicholas Timperio, Jr. (Docket No. 55) be granted.  It is further recommended that the complaint be dismissed with respect to defendants Stephanie Yocabet and Richard Worley.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may

13

constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

Dated: November 4, 2005

cc:     Honorable Donetta W. Ambrose
        United States Chief District Judge

        Brett Philip Clark
        99 Tyrone Avenue
        Uniontown, PA 15401

        Marie Milie Jones
        Michael R. Lettrich
        Meyer, Darragh, Buckler, Bebeneck & Eck
        U.S. Steel Tower, Suite 4850
        600 Grant Street
        Pittsburgh, PA 15219

        Edmond R. Joyal, Jr.
        Law Office of Joseph S. Weimer
        975 Two Chatham Center
        Pittsburgh, PA 15219

        Brad R. Korinski
        Thomson, Rhodes & Cowie
        1010 Two Chatham Center
        Pittsburgh, PA 15219

        James R. Schadel
        Scott R. Eberle
        David L. Haber
        Weinheimer, Schadel & Haber
        429 Fourth Avenue
        602 Law & Finance Building
        Pittsburgh, PA 15219