IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT PHILIP CLARK,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | ) | Civil Action No. 05-491 |
| | ) | |
| NANCY VERNON, individually and in her capacity Fayette County District Attorney, ROBERT EUGENE GRIMM, individually and in his official capacity Fayette County Assistant District Attorney, STEPHANIE YOCABET, Commonwealth witness, RICHARD WORLEY, individually, Commonwealth witness, JASON COX, individually and in his capacity Uniontown City Police Officer, Uniontown City Police Department, DAVID BASILE, individually and in his capacity Uniontown City Police Officer, Uniontown City Police Department, NICHOLAS TIMPERIO, JR., individually, attorney, JEFFREY WHITEKO, individually and in his capacity Fayette County Public Defender, DIANNE H. ZEREGA, individually and in her capacity Fayette County court appointed attorney, JACK FLOWERS, individually and in his capacity Fayette County Public Defender Investigator, and DAVID LAWRENCE, individually, medical doctor, Uniontown Hospital,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chief Judge Ambrose<br>Magistrate Judge Mitchell |

REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that the motion to dismiss submitted on behalf of defendants Jason Cox and David Basile (Docket No. 62), treated as a motion for summary judgment pursuant to Rule 56, be granted.

II.     Report

Plaintiff, Brett Philip Clark, brings this civil rights action arising out of his arrest, on August 31, 2000, on charges of driving under the influence (DUI) and reckless endangerment, the prosecution of charges against him and the defense thereto.  After he was convicted, he filed a post-conviction collateral relief (PCRA) petition and was granted a new trial.  The charges were eventually nolle prossed after the Court of Common Pleas granted his omnibus pretrial motion and suppressed the medical records that had been obtained without court order or search warrant.  His complaint named as Defendants the police officers who arrested him (Jason Cox and David Basile), the District Attorney (Nancy Vernon) and Assistant District Attorney (Robert Eugene Grimm) who prosecuted him, the attorney who represented him at his criminal trial (Nicholas Timperio, Jr.), the Fayette County Public Defender (Jeffrey Whiteko) and Public Defender Investigator (Jack Flowers) who were also involved in his defense, his counsel in the PCRA petition (Diane H. Zerega), the physician who treated him following his arrest (David Lawrence, M.D.) and the two alleged victims of his crimes, who he alleges lied in their testimony at his criminal trial (Stephanie Yocabet and Richard Worley).

He alleged that Defendants violated his civil rights under the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and he brought this action pursuant to 42 U.S.C. § 1983.  Defendants Vernon, Grimm, Timperio, Whiteko, Flowers, Zerega, Yocabet and Worley have been dismissed from this action.  The only remaining defendants are Dr. Lawrence and Officers Cox and Basile.

Presently before this Court for disposition is a motion to dismiss brought by Defendants Cox and Basile.  They argue that the case should be dismissed as to them because Plaintiff

2

previously brought suit against them but later dismissed the case and executed a release and indemnity agreement. For the reasons that follow, the motion should be treated as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and it should be granted.

Facts[1]

On the night of August 31, 2000, Clark was arrested by Officers Cox and Basile at a gas station, following a report that Clark had struck another vehicle with his while intoxicated. (Compl. ¶¶ 4, 10 & Ex. H at 19-20.) Officers Cox and Basile arrived at the scene and saw Clark holding an object, which he says was a fanbelt. They ordered him to drop the object and he complied. Nevertheless, Officer Cox hit him over the head with a nightstick or flashlight and he fell to the ground, unconscious. He was taken to the emergency room and treated for scalp abrasions and acute alcohol intoxication by Dr. David Lawrence (among others). (Compl. Ex. Q.)

Clark was arraigned on charges of DUI and reckless endangerment and held at the Fayette County Prison for eighteen days. He was released on unsecured bond on September 18, 2000. No preliminary hearing was held and the case was waived to court. (Compl. ¶ 4.)

On January 9, 2002, he was taken to court and trial later began. On January 10, 2002, he was found guilty on all charges. On January 25, 2002, he was sentenced to 3-24 months on the DUI conviction and 9-24 months on the reckless endangerment conviction, the sentences to be served consecutively. (Compl. ¶ 6 & Ex. B.) On September 24, 2002, the Superior Court

---

[1] Only those facts that relate to Defendants Cox and Basile will be cited herein.

affirmed these convictions.  (Compl. ¶ 7; Docket Sheet at 15.)[2]

On November 13, 2003, Judge Wagner appointed Dianne Zerega to represent Clark and directed her to file an amended PCRA petition, which she did on December 31, 2003.  (Compl. ¶ 7 & Ex. C.)  On August 9, 2004, Judge Wagner granted the petition and ordered that a new trial be held.  (Compl. ¶ 7 & Ex. D.)

On September 24, 2004, Clark hired Herbert Terrell to represent him at the second trial.  On November 13, 2004, Terrell filed an omnibus pretrial motion.  (Compl. ¶ 9 & Ex. F.)  On February 23, 2005, Judge Warman granted the motion and suppressed all of the medical records from Uniontown Hospital, which had been obtained by the Commonwealth without a court order or search warrant.  (Compl. ¶ 9 & Ex. G.)

On April 4, 2005, the District Attorney filed a motion to enter a nolle prosequi with respect to the charges, and Judge Wagner granted it.  (Compl. ¶ 9 & Ex. Z.)

Procedural History

Plaintiff filed this action on April 14, 2005.  He alleges that Officers Cox and Basile failed to get him additional medical attention, that they searched his vehicle without probable cause and without a search warrant and that they acted in concert with the other defendants to obtain his conviction.[3]

---

[2]The Docket Sheet for Clark's criminal case is attached to his Response in Opposition to Timperio's Motion to Dismiss (Docket No. 58).

[3]He also alleges that Dr. Lawrence (the only other remaining defendant in this case) falsely put in the medical report that Clark had engaged in a wrestling match with police officers and others at the scene and that his blood alcohol level was .428 (Compl. Ex. Q) and that he conspired with the police to fabricate evidence to obtain Clark's conviction and divert attention from the officers who had applied excessive force.  On August 5, 2005, Dr. Lawrence filed an
(continued...)

On August 22, 2005, Defendants Cox and Basile filed an answer to the complaint. On November 22, 2005, they filed the motion currently under consideration.

The motion is captioned a motion to dismiss. Because these defendants already filed an answer to the complaint, it properly should have been captioned a motion for judgment on the pleadings pursuant to Rule 12(c). Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). However, the motion relies upon a release that is not a document upon which Plaintiff's claims are based and therefore it could not be considered in the context of a motion to dismiss or a motion for judgment on the pleadings. Pension Benefit Guaranty Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

> The Federal Rules of Civil Procedure provide that if on a 12(b)(6) motion to dismiss
>
> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). By order of Court dated December 23, 2005 (Docket No. 71), the motion was converted into a motion for summary judgment and Plaintiff was given additional time to submit an appropriate response. Plaintiff filed a response to the motion on January 17, 2006.[4]

---

[3](...continued)
answer to the complaint (Docket No. 29), which he amended on August 18, 2005 (Docket No. 30) and again on September 2, 2005 (Docket No. 34).

[4]Defendants Cox and Basile may have miscaptioned the motion. It is noted that, in their brief, they cite the standard of review for summary judgment, not for a motion to dismiss. (Docket No. 62-3 at 3.) However, out of an abundance of caution, the Court ordered that the motion be formally converted into a motion for summary judgment and permitted Plaintiff additional time in which to respond.

5

Standard of Review for Summary Judgment

Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Woodside v. School Dist. of Philadelphia Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001) (quoting Foehl v. United States, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted)). In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. Doe v. County of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001); Woodside, 248 F.3d at 130; Heller v. Shaw Indus., Inc., 167 F.3d 146, 151 (3d Cir. 1999).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing'–that is, pointing out to the District Court–that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1230 (3d Cir. 1993).

Previous Case

On January 2, 2002, while he was still in prison awaiting trial, Clark filed a civil action in this Court against Officers Cox and Basile, which was docketed as Civil Action No. 02-58. (Compl. ¶ 8.) On October 16, 2002, the defendants filed a motion for judgment on the pleadings.

6

(Civ. A. No. 02-58 Docket No. 25.)  On January 7, 2003, a Report and Recommendation was filed, recommending that the motion be granted in all respects except as to his claim of the use of excessive force.  (Id. Docket No. 34.)  On February 10, 2002, the report and recommendation was adopted by the Court.  (Id. Docket No. 37.)  On April 17, 2003, the defendants filed a motion for summary judgment.  (Id. Docket No. 44.)  On May 22, 2003, a Report and Recommendation was filed, recommending that this motion be granted.  (Id. Docket No. 66.)  On June 20, 2003, the Report and Recommendation was adopted by the Court.  (Id. Docket No. 74.)

Clark appealed and on April 22, 2004, the Court of Appeals for the Third Circuit filed an opinion in which it affirmed this Court's judgment in part and vacated and remanded in part.  Specifically, the Court of Appeals held that Clark had set forth sufficient evidence to survive summary judgment with respect to his excessive force claim because, viewing all disputed facts in his favor, he alleged that Cox and Basile struck him in the head with an object and knocked him unconscious even though he had dropped the object he was holding in his hand in compliance with their order.  The court further found that he alleged that this conduct by the defendants violated a clearly established right and therefore they were not entitled to the defense of qualified immunity. (Compl. Ex. E.)

Upon remand, settlement negotiations ensued.  On July 22, 2004, the parties settled the matter and entered into a stipulation of dismissal.  (Civ. A. No. 02-58 Docket No. 88.)  On August 25, 2004, Clark signed a Release and Indemnity Agreement, in which he accepted a certain sum of money in return for discharging Jason Cox, David Basile, the City of Uniontown, and the St. Paul Insurance Companies

> from any and all actions, causes of action, claims, demands, damages, costs, loss

>of services, expenses and compensation, on account [of] or in any way growing out of, any and all known and unknown personal injuries and property damage which we may now or hereafter have and also all claims or rights of action for damages which I have or may hereafter have, resulting or to result from a certain incident which occurred on or about the 31st day of August, 2000, at or near Uniontown, Pennsylvania, as set forth in the matter of Brett Philip Clark v. Jason Cox and David Basile, et al, in the United States District Court for the Western District of Pennsylvania at docket number C.A. 02-0058.

(Docket No. 62-2.)  At the time, Plaintiff was represented by Attorney Peter Suwak, who signed the document as a witness.  (Id. at 2.)

     Viability of the Release

The Court of Appeals for the Third Circuit has stated that, although ordinarily contract principles govern the enforceability of a settlement agreement, "different rules govern our review of cases in which a person allegedly waives civil rights claims.  In such cases, we will inquire into the totality of the circumstances surrounding execution of the agreement, and we will decline to enforce the agreement unless its execution was knowing and voluntary."  W.B. v. Matula, 67 F.3d 484, 497 (3d Cir. 1995) (citing Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir. 1988); Coventry v. U.S. Steel Corp., 856 F.2d 514, 523-24 (3d Cir. 1988).  The court stated that:

>We consider such factors as whether (1) the language of the agreement was clear and specific; (2) the consideration given in exchange for the waiver exceeded the relief to which the signer was already entitled by law; (3) the signer was represented by counsel; (4) the signer received an adequate explanation of the document; (5) the signer had time to reflect upon it; and (6) the signer understood its nature and scope.  We may also look to whether there is evidence of fraud or undue influence, or whether enforcement of the agreement would be against the public interest.  Given the fact-bound nature of these questions, many of which go to a person's state of mind, summary judgment holding that execution of a release was voluntary and knowing may be inappropriate.

Id. (citing Cirillo, 862 F.2d at 451; Coventry, 856 F.2d at 522-23).

The moving defendants argue that the language of the release was clear and specific, there

is no evidence that the consideration given in exchange for the waiver exceeded the relief to which Plaintiff was entitled by law, he was represented by counsel, and Plaintiff had adequate time to discuss the matter with counsel and reflect upon the agreement prior to signing it. Plaintiff has not disputed these assertions. Nor has Plaintiff attempted to argue that the agreement was procured by fraud or undue influence or that enforcement would offend the public interest.

Rather, he contends that: 1) he only agreed to release the excessive force claim, and he can still bring claims relating to the illegal search and seizure, unconstitutional conviction and imprisonment; and 2) at the time he signed the release, his DUI case had not been dismissed and he therefore could not have brought suit with respect to it. Neither of these arguments is availing.

With respect to the first argument, it fails in the face of the release, which broadly prohibits Clark from bringing suit with respect to

> any and all actions, causes of action, claims, demands, damages ... on account [of] or in any way growing out of, any and all known and unknown personal injuries and property damage which we may now or hereafter have ... resulting or to result from a certain incident which occurred on or about the 31st day of August, 2000, at or near Uniontown, Pennsylvania...

Thus, even if the claims against Cox and Basile did not exist at the time he brought Civ. A. No. 02-58, if they resulted from the August 31, 2000 incident and are claims he "hereafter had" then they are therefore covered by the scope of the release.

With respect to the second argument, it is misplaced. He argues that, on August 25, 2004, his conviction had not yet been reversed, expunged or otherwise invalidated, noting that his DUI case was not dismissed until April 4, 2005. The Court of Appeals for the Third Circuit

9

has held that a conviction is not considered to be reversed, expunged or otherwise invalidated when the potential for future criminal liability exists, as in the case of an order granting a new trial. Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996). Thus, the statute of limitations for many of Clark's claims did not begin to run until April 4, 2005.

However, that fact leads to the legal conclusion that he could not bring suit for any claims other than excessive force until after April 4, 2005. It does not mean that he could not agree to settle any claims he had or might have in the future prior to that date. Nothing prevented Clark on August 25, 2004 from agreeing to release Cox and Basile from claims he then had or that he might have in the future in exchange for consideration. This is precisely what he did.

Because the totality of the circumstances surrounding the execution of the release demonstrate that Clark entered into it knowingly and voluntarily, the release is a valid contract which prohibits him from bringing this case against Defendants Cox and Basile raising claims covered by the scope of the release.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendants Jason Cox and David Basile (Docket No. 62), treated as a motion for summary judgment pursuant to Rule 56, be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                s/Robert C. Mitchell
                                                Robert C. Mitchell
                                                United States Magistrate Judge

Dated: January 19, 2006

cc:    Brett Philip Clark
        70 Carlisle Street, Rear
        Uniontown, PA 15401